UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PRINCE MONEY BROWN,
   Plaintiff,

vs.                                         No. 05-1322

GUY PIERCE AND JOSEPH DECHENE, et.al.,
   Defendants

ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Prince Money Brown, has filed his lawsuit pursuant to 42 U.S.C. §1983 against two defendants at the Pontiac Correctional Center: Warden Guy Pierce and Correctional Officer Joseph Dechene. The pro se plaintiff does not state whether he intends to sue the defendants in their individual or official capacities. However, the court notes that the plaintiff's complaint states claims against the two defendants in their individual capacities only. *See* Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989)(suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.)

      The plaintiff says that on August 18, 2004, Officer Dechene wrote a false disciplinary ticket against him. The plaintiff was found guilty of the offense and the Adjustment Committee recommended a month in segregation. The plaintiff appealed the decision, and the Administrative Review Board (herein A.R.B.) expunged the disciplinary report based on "insufficient information to substantiate charges." (Comp, Ex. B) Unfortunately, the plaintiff had already served his time in segregation.

      The plaintiff says during the time he was in the segregation unit, he slept on a filthy mattress what caused him to break out in a rash. The plaintiff also says when the A.R.B. expunged the report, it stated that he was to be released from segregation. However, he remained in the segregation unit for another month. The plaintiff is asking for damages for the time he spent in segregation. The plaintiff does not specify a specific constitutional claim under §1983.

1

The court finds that the plaintiff has no due process claim based on the allegation that Defendant Dechene wrote a false disciplinary ticket against the plaintiff because there is no claim the defendants did not follow the required procedural steps and the ticket was ultimately expunged.  "There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process.  The administrative appeal process is part of the due process afforded prisoners."  Morissette v. Peters, 45 F.3d 1119, 1122 (7th Cir. 1994).

The fact that the plaintiff had already served time in segregation and spent additional time in segregation does not in itself state a violation of the plaintiff's constitutional rights. *See* Rose v. Garbs, 1999 WL 299892 at 2 (N.D.Ill. 1999); Williams v Ramos, 71 F.3d 1246, 1248 (7th Cir. 1995); Leslie v Doyle, 868 F. Supp. 1039, 1042 (N.D. Ill. 1994).

However, in this case, the plaintiff has alleged that the segregation cell itself had a filthy mattress which caused him to break out in a rash.  The court finds the plaintiff has stated a violation of his Eighth Amendment rights based on the cell conditions.   For this claim to survive, the plaintiff will have to demonstrate that the alleged deprivation was "sufficiently serious." Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Only conditions involving the denial of the "minimal civilized measure of life's necessities" rise to the level of a constitutional violation. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In addition, the plaintiff must show that the defendants acted with deliberate indifference.   Farmer v. Brennan, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." Mathis v. Fairman, 120 F.3d 88, 91 (7th Cir. 1997)(citing Farmer at 840-42).

The plaintiff is also reminded that he must name defendants that knew about the conditions of his segregation cell, but took no action   "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of respondeat superior (supervisor liability) does not apply. Pacelli v. DeVito, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." Vance v Peters, 97 F.3d 987, 992 (7th Cir. 1996).

If the plaintiff seeks to add any defendants, he must file a motion asking to add the defendants.  He must specify each defendant and that defendants involvement in the surviving claim. Lastly, he must  provide a copy of the complaint and U.S. Marshals service forms for each new defendant.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has stated, for notice pleading purposes, a violation of his Eighth Amendment rights based on the conditions of his cell while he was in the segregation unit. This claim is against the defendants in their individual capacities only.**

**2) The plaintiff has not stated a violation of his constitutional rights based on the alleged false disciplinary ticket and disciplinary hearing. Those claims are dismissed.**

**3) A copy of this order shall be served upon the defendants with a copy of the complaint. The defendants shall file a response to the surviving allegation identified in this order.**

**4) This case is referred to the Magistrate Judge for consideration of the pending motion to proceed in forma pauperis.**

Entered this 21st day of December, 2005.


s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE