**E-FILED**
Thursday, 27 July, 2006  10:35:49 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PRINCE MONEY BROWN,
    Plaintiff,


    vs.                                              No. 05-1322


GUY PIERCE AND JOSEPH DECHENE, et.al.,
    Defendants


<u>ORDER</u>


      This cause is before the court for case management.   The plaintiff, Prince Money Brown, filed this lawsuit pursuant to 42 U.S.C. §1983 against two defendants at the Pontiac Correctional Center: Warden Guy Pierce and Correctional Officer Joseph Dechene.  On December 21, 2005, the court conducted a merit review of the plaintiff's complaint pursuant to 28 U.S.C. §1915A and found that the plaintiff had alleged one violation of his constitutional rights: that the defendants violated his Eighth Amendment rights based on the conditions of his cell while in the segregation unit.  The plaintiff was advised that he needed to make sure he had named defendants who were personally responsible for this claim.

      The plaintiff has now filed a motion to "Add Other Defendants" to his complaint.[d/e 21] The plaintiff is asking to add two defendants: Lieutenant Kevin DeLong and Officer Brad Knight.  The plaintiff says Officer Knight placed him in cell 619 on August 24, 2004 and he immediately noticed the problems with the cell including a urine stained mattress.  The plaintiff says he told Officer Knight, but no action was taken.  The plaintiff says he also complained about the problem to Lieutenant DeLong, but he failed to take any action.  Lastly, the plaintiff says he told Warden Pierce about the problem in letters, grievances and in person but got no response.

      The plaintiff's motion includes a copy of the court's December 21, 2005 merit review order, a portion of a revised complaint and several exhibits.   The court does not accept piecemeal amendments, so it will not accept the partial complaint.  In addition, the court will strike the exhibits attached to the motion and not consider this part of the new claim.  The plaintiff simply needs to state his claims at this stage of the litigation, he does not need to provide evidence in support of those claims.

      The court also notes that the plaintiff no longer names Officer Dechene as a defendant. Therefore, the court will dismiss this officer.

**IT IS THEREFORE ORDERED that:**

1) The plaintiff's motion to add new defendants is granted. [d/e 21] The clerk is directed to add Lieutenant Kevin DeLong and Correctional Officer Brad Knight as defendants in this case.  While the motion is allowed, the court does not permit piecemeal amendments, so it will not accept the partial complaint attached to the motion.  In addition, the clerk of the court is directed to strike the exhibits attached to the motion.

2) The clerk of the court is directed to terminate Defendant Joseph Dechene from this lawsuit.

3) The court now finds that the plaintiff has adequately alleged that Defendants Pierce, Delong and Knight violated his Eighth Amendment rights based on the conditions of his segregation cell.  The claim is against the defendants in their individual capacities.

4) The clerk of the court is directed to immediately prepare waiver or service forms for Defendants DeLong and Knight and send those forms to the Pontiac Correctional Center.

5) Defense counsel is to indicate to the court on or before August 11, 2006 whether these two individuals still work for the Pontiac Correctional Center and whether they have signed the waiver of service forms and will be represented by counsel.

6) The court will abide by the following scheduling deadlines:
a) The new defendants are to file an answer to the claim identified in this order on or before August 25, 2006.
b) All discovery in this case must be completed on or before Friday, January 5, 2007.
c) Any dispositive motions must be filed on or before Friday, February 2, 2007.

Entered this ___27th____ day of July, 2006.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE